Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ISMAEL MENA VELÁZQUEZ<br><br>Recurrido<br><br>V.<br><br>KRISTEN MEYER EASILEY<br><br>Peticionaria | KLCE202500056 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil Núm.: AG2024CV00111<br><br>Sobre: Desahucio en Precario |

Panel integrado por su presidenta, la juez Brignoni Mártir, la jueza Alvarez Esnard, y la jueza Prats Palerm

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de enero de 2025.

Comparece ante nos, Kristin Meyer Easiley t/c/c Emanuelle De Asis, (en adelante, "la parte peticionaria"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la "*Orden*" emitida el 15 de enero de 2025 y notificada el 16 de enero de 2025, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Mediante la *Orden* recurrida*,* dicho tribunal aceptó la fianza prestada por Ismael Mena Velázquez (en lo sucesivo, "el recurrido"), transcurridos los términos dispuestos en la *Orden* fechada el 11 de diciembre de 2024 y en la Regla 69.5 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 69.5.

Por los fundamentos que expondremos a continuación, *denegamos* el recurso presentado.

### I.

El pleito ante nos tiene su origen en la "*Demanda"* presentada el 25 de enero de 2024, por el recurrido. En síntesis, en la referida "*Demanda*" aseveró que es dueño de una propiedad sita en Isabela, en la cual desde el año 2021, la parte peticionaria reside sin su consentimiento. Sostuvo,

que dicha parte se aprovechó de que no reside en Puerto Rico para poseer de forma precaria su propiedad. En vista de ello, solicitó que la parte peticionaria desalojara la propiedad en cuestión. A su vez, peticionó la cantidad total de $110,000.00 en concepto de pérdida de empleo por la extensión de su visita en Puerto Rico y en concepto de canon de arrendamiento y angustias mentales. Finalmente, solicitó que se le ordenara a la parte peticionara que pagara la cantidad de $10,000.00 en concepto de costas y honorarios de abogado.

Así las cosas, el 10 de julio de 2024, el foro recurrido notificó una "*Orden*." Mediante esta, entre otras cosas, le requirió a la parte peticionaria, que una vez se haya diligenciado la referida "*Orden*," debía presentar su alegación responsiva en o antes del 25 de julio de 2024. A su vez, le advirtió que, de no comparecer se concedería el remedio solicitado sin mas citarle ni oírle. Posteriormente, el 30 de agosto de 2024, el foro primario, celebró una vista para el caso de epígrafe. A la referida vista comparecieron ambas partes: el recurrido con representación legal y la parte peticionaria, por derecho propio. Siendo así, el foro primario le concedió veinte (20) días a la parte peticionaria para contratar una representación legal y comparecer al pleito por escrito.

Luego de que el foro recurrido diera por sometida la presente reclamación e informara que iba a resolver el caso por escrito, el 14 de octubre de 2024, la parte peticionaria presentó "*Moción Asumiendo Representación Legal y Solicitando Término para Presentar Alegación Responsiva*."[1] Mediante esta, solicitó que se autorizara la representación legal anunciada, y peticionó que se le concediera un término de quince (15) días para presentar una alegación responsiva.

En la misma fecha, la parte peticionaria también presentó "*Moción Solicitando Fianza de No Residente*." En síntesis, aseveró que de la "*Demanda*" presentada por el recurrido se desprendía que él no era residente de Puerto Rico. Por lo cual, argumentó que se le debía ordenar

---

[1] El 16 de octubre de 2024, el foro recurrido notificó una "*Orden*" mediante la cual autorizó la representación legal de la parte peticionaria.

que prestara una fianza de no residente a tenor de lo dispuesto en la Regla 69.5 de las Reglas de Procedimiento Civil, *supra*. De manera, que se pudieran garantizar las costas, gastos y honorarios de abogado que en su día el recurrido fuera ordenado a satisfacer.

Tras el foro primario ordenar al recurrido presentar su posición con relación a la solicitud de la parte peticionaria, el 1 de noviembre de 2024, el recurrido presentó "*Moción en Cumplimiento de Orden*". En esencia, adujo que la "*Moción Solicitando Fianza de No Residente,*" fue presentada a destiempo. Esto, toda vez que, el presente caso se encontraba en una etapa procesal avanzada y la parte peticionaria no había cumplido con las ordenes sobre contratar representación legal.

Luego de evaluar la postura de las partes, el 5 de noviembre de 2024, el foro primario ordenó la paralización de los procedimientos del caso de epígrafe hasta tanto el recurrido prestara una fianza de $1,000.00. Para cumplir con la referida orden, dicho foro le concedió al recurrido un término de diez (10) días.

Así las cosas, el 14 de noviembre de 2024, el recurrido presentó "*Solicitud de Transferencia de Fianza de No Residente.*" En esencia, sostuvo que previamente entre las partes existió un pleito bajo el número de caso AG2021CV01139, el cual fue desestimado. Añadió, que en el referido caso él presto una fianza por la cantidad de $1,500.00, la cual no había sido cancelada. Ante ello peticionó que, de la aludida suma, la cantidad de $1,000.00 fuera transferida al presente caso para cumplir con el pago de fianza ordenado.

En respuesta, el 15 de noviembre de 2024, la parte peticionaria presentó "*Oposición a Solicitud de Transferencia de Fianza.*" En síntesis, arguyó que, en el previo caso existente entre las partes, el foro primario le ordenó al recurrido pagar $2,500.00 en concepto de honorarios de abogado por temeridad. Sostuvo, que dicha cantidad aún no había sido satisfecha por el recurrido. Por consiguiente, peticionó que se declarara *No ha Lugar* la "*Solicitud de Transferencia de Fianza de No Residente.*"

Posteriormente, el 18 de noviembre de 2024, el foro primario le ordenó al recurrido que presentara su posición respecto a la "*Oposición a Solicitud de Transferencia de Fianza*," presentada por la parte peticionaria. Ante ello, el 25 de noviembre de 2024, el recurrido presentó "*Moción en Cumplimiento de Orden*." En lo atinente, solicitó al foro primario que le concediera quince (15) días adicionales para cumplir con el pago de fianza de no residente.

En atención de los escritos presentados, el 11 de diciembre de 2024, el foro recurrido notificó una *"Orden*." Mediante esta, le concedió un término de diez (10) días finales al recurrido para que cumpliera con el pago de la fianza de no residente.

Así pues, el 27 de diciembre de 2024, la parte peticionaria presentó "*Moción Solicitando Eliminación de las Alegaciones y Desestimación de la Demanda*." En esencia, solicitó que se desestimara con perjuicio la causa de acción del recurrido, a tenor de lo dispuesto en la Regla 39.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2. Sostuvo su solicitud bajo el fundamento de que el plazo para que el recurrido prestara fianza vencía el 26 de diciembre de 2024, y a pesar de ello, el referido recurrido no había cumplido con lo ordenado. Por lo cual, argumentó que procedía la desestimación peticionada.

El 29 de diciembre de 2024, el recurrido presentó "*Moción Informativa*." Mediante esta, comunicó que se encontraba en gestiones con la compañía Vera Insurance a los fines de obtener la fianza que se le había ordenado satisfacer. Ante ello, solicitó que se le concediera hasta el 30 de diciembre de 2024 para cumplir con la orden sobre prestación de fianza.

Así las cosas, el 8 de enero de 2025, el recurrido presentó "*Moción en Cumplimiento de Orden y Segunda Dúplica a Réplica sobre Moción Informativa*." A través de su escrito, informó que la solicitud de fianza que había realizado fue denegada el 2 de enero de 2025, por lo cual tuvo que solicitar la fianza de no residente a otro fiador. Añadió, que la referida

fianza fue aprobada en la fecha del presente escrito. Entiéndase, 8 de enero de 2025. Por último, incluyó junto a su moción documentación relacionada a la negación de la aludida fianza y su posterior aprobación por otro fiador.

En reacción, el 9 de enero de 2025, la parte peticionaria presentó "*Oposición a Moción Informativa sobre Cumplimiento de Orden.*" En esencia, alegó que el recurrido incumplió tanto con el término final concedido por el foro primario para prestar fianza como con el término de sesenta (60) días dispuesto en la Regla 69.5, *supra* para prestar la fianza requerida. Finalmente, reiteró su petitorio sobre la desestimación de la reclamación de epígrafe.

En atención de los escritos presentados, el 16 de enero de 2025, el foro primario notificó la "*Orden*" que hoy nos ocupa. Mediante esta, aceptó la fianza prestada por el recurrido y señaló una vista para el caso de epígrafe a celebrarse el 5 de febrero de 2025.

En desacuerdo, el 21 de enero de 2025, la parte peticionaria compareció ante nos mediante "*Petición de Certiorari.*" A través de esta, esbozó el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia al no Desestimar la Demanda y Aceptar la Fianza de No Residente de la Parte Demandante A Pesar de que la misma fue Prestada ya Expirado un Término Final Concedido por el TPI y Expirado el Término de Estricto Cumplimiento Ordenado por la Regla 69.5 de Procedimiento Civil, sin Presentar Justa Causa para Prorrogar el mismo.

Procedemos a esbozar el derecho aplicable al caso ante nuestra consideración.

**II.**

**Recurso de *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La

característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Íd. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

De igual modo, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145; *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III.**

En esencia, la parte peticionaria aduce que incidió el foro primario al no desestimar la causa de acción del recurrido. Fundamenta su posición bajo el argumento de que el recurrido perdió cualquier derecho

que le asistía al no cumplir con la prestación de fianza en el término ordenado por el foro primario. De igual modo, arguye que tampoco el recurrido presto la fianza dentro del término de estricto cumplimiento establecido en la Regla 69.5, *supra.*

Es sabido, que la expedición de un auto de *certiorari* está enmarcada en el ejercicio de nuestra sana discreción, según delimitada en los criterios establecidos en la Regla 40, *supra*. Al amparo de la aludida facultad discrecional que nos asiste, determinamos *denegar* la expedición del recurso ante nos. Esto, toda vez que, el presente caso no reúne los criterios necesarios para su expedición. La decisión recurrida no es cónsona con algún error de derecho ni constituye un fracaso de la justicia. A su vez, la expedición del presente auto de *certiorari* causaría una dilación innecesaria en la solución final de un litigio como el presente. En vista de lo anterior, disponemos del presente caso sin el beneficio de la comparecencia del recurrido y con ello *denegamos* la expedición del recurso que nos ocupa.

## IV.

Por los fundamentos expuestos, *denegamos* la expedición del auto de *certiorari* ante nuestra consideración.

**Notifíquese inmediatamente**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La jueza Álvarez Esnard concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones